UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

PNC Bank, National Association,    )
a national banking association, and    )
PNC Equipment Finance, LLC, a Delaware    )
limited liability company,    )
    )  Case No. 21-cv-05419
    Plaintiffs,    )
    )  Honorable John Z. Lee
v.    )
    )
Five-Star Audiovisual, Inc., an    )
Illinois corporation,    )
    )
    Defendant.    )

## ANSWER

Defendant, Five-Star Audiovisual, Inc. ("Defendant") by and through its attorney, John A. Lipinsky of the law firm of Clingen, Callow & McLean LLC, for its Answer to Plaintiffs' Complaint, states as follows:

## COMMON ALLEGATIONS

## THE PARTIES

1.    Plaintiff PNC Bank is a national banking association, which is a citizen of Pennsylvania, that maintains its principal offices and place of business at One PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania.

**ANSWER:**    **Defendant only admits that PNC Bank is a national bank. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 1, and therefore, denies same.**

2.    Plaintiff PNCEF is a limited liability company established in the State of Delaware, which is a citizen of Pennsylvania, that maintains its principal offices and place of business at One PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania. PNCEF's sole member is PNC Bank.

**ANSWER:** **Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 2, and therefore, denies same.**

3.      Defendant Five-Star Audiovisual, Inc. ("Five-Star") is an Illinois corporation, which is a citizen of Illinois, maintaining its principal offices and place of business at 127 Ambassador Drive, Suite 111, Naperville, Illinois, and whose registered agent is Brien J. Nagle, whose address is 222 S. Mill Street, Suite 200, Naperville, Illinois.

**ANSWER:** **Defendant admits the allegations contained in paragraph 3.**

## JURISDICTION AND VENUE

4.      Jurisdiction over this matter properly rests within this Honorable Court pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

**ANSWER:** **Defendant admits the allegations contained in paragraph 4.**

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

**ANSWER:** **Defendant admits the allegations contained in paragraph 5.**

## COUNT I

## BREACH OF PNC BANK NOTE

6.      Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:** **Defendant restates and realleges Paragraphs 1 through 5 as Paragraph 6.**

7.      Five-Star signed an Amended and Restated Revolving Line of Credit Note dated February 7, 2020 in favor of PNC Bank in the principal sum of $2,750,000.00 (the "PNC Bank Note"). **Exhibit 1**.

**ANSWER:** **Defendant admits the allegations contained in paragraph 7.**

8.     Five-Star failed to repay the sums owed to PNC Bank as and when agreed upon the maturity of the PNC Bank Note on February 4, 2021.

**ANSWER:     Defendant only admits the PNC Bank Note is not repaid in full.  Defendant denies the remaining allegations and legal conclusions contained in paragraph 8.**

9.     As of October 8, 2021, there remains a principal balance owed from Five-Star to PNC Bank, pursuant to the PNC Bank Note, of $2,745,000.00, together with accrued interest of $86,610.21, and late charges of $800.00, for a total, exclusive of contractually agreed upon costs and fees, of $2,832,410.21.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 9, and therefore, denies same.**

10.     Pursuant to the terms of the PNC Bank Note, Five-Star agreed to reimburse PNC for its costs and fees incurred in its collection.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 10, and therefore, denies same.**

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

## COUNT II
## BREACH OF PNCEF LOAN xxxx831-1

11.     Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:     Defendant restates and realleges Paragraphs 1 through 10 as Paragraph 11.**

12.     Five-Star signed a Term Note dated October 15, 2018 in favor of PNCEF in the principal sum of $300,000.00 ("PNCEF Note xxxx831-1"). **Exhibit 2**.

**ANSWER:     Defendant admits the allegation contained in paragraph 12.**

13.     Five-Star is in default of its obligations to PNCEF, as a result of its failure to repay the sums owed to PNCEF as and when agreed under the terms of PNCEF Note xxxx831-1.

**ANSWER:     Defendant only admits the PNCEF Note xxxx831-1 is not repaid in full.**

**Defendant denies the remaining allegations and legal conclusions contained in paragraph 13.**

14.     As a result of the foregoing, PNCEF has accelerated the maturity date of PNCEF Note xxxx831-1, and the full balance is immediately due and payable.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 14, and therefore, denies same.**

15.     As of October 8, 2021, there remains a principal balance owed from Five-Star to PNCEF, pursuant to PNCEF Note xxxx831-1, of $159,831.41, together with accrued interest of $5,516.58, for a total, exclusive of contractually agreed upon costs and fees, of $165,347.99.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 15, and therefore, denies same.**

16.     Pursuant to the terms of PNCEF Note xxxx831-1, Five-Star agreed to reimburse PNCEF for its costs and fees incurred in its collection.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 16, and therefore, denies same.**

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

## COUNT III

## BREACH OF PNCEF LOAN xxxx831-3

17.     Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:     Defendant restates and realleges Paragraphs 1 through 16 as Paragraph 17.**

18.     Five-Star signed an Equipment Line of Credit Note dated June 10, 2019 in favor of PNCEF in the principal sum of $1,000,000.00 ("PNCEF Note xxxx831-3"). **Exhibit 3**.

**ANSWER:     Defendant admits the allegations contained in paragraph 18.**

19.     Five-Star is in default of its obligations to PNCEF, as a result of its failure to repay the sums owed to PNCEF as and when agreed under the terms of PNCEF Note xxxx831-3.

**ANSWER:     Defendant only admits the PNCEF Note xxxx831-3 is not repaid in full. Defendant denies the remaining allegations and legal conclusions contained in paragraph 19.**

20.     As a result of the foregoing, PNCEF has accelerated the maturity date of PNCEF Note xxxx831-3, and the full balance is immediately due and payable.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 20, and therefore, denies same.**

21.     As of October 8, 2021, there remains a principal balance owed from Five-Star to PNCEF, pursuant to PNCEF Note xxxx831-3, of $270,093.56, together with accrued interest of $8,901.84, for a total, exclusive of contractually agreed upon costs and fees, of $278,995.40.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 21, and therefore, denies same.**

22.     Pursuant to the terms of PNCEF Note xxxx831-3, Five-Star agreed to reimburse PNCEF for its costs and fees incurred in its collection.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 22, and therefore, denies same.**

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

## COUNT IV
## BREACH OF PNCEF LOAN xxxx831-4

23.     Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:     Defendant restates and realleges Paragraphs 1 through 22 as Paragraph 23.**

24.     Five-Star signed an Equipment Line of Credit Note dated June 10, 2019 in favor of PNCEF in the principal sum of $1,000,000.00 ("PNCEF Note xxxx831-4"). **Exhibit 4**.

**ANSWER:     Defendant admits the allegations contained in paragraph 24.**

25.     Five-Star is in default of its obligations to PNCEF, as a result of its failure to repay the sums owed to PNCEF as and when agreed under the terms of PNCEF Note xxxx831-4.

**<u>ANSWER</u>:     Defendant only admits the PNCEF Note xxxx831-4 is not repaid in full.**

**Defendant denies the remaining allegations and legal conclusions contained in paragraph 25.**

26.     As a result of the foregoing, PNCEF has accelerated the maturity date of PNCEF Note xxxx831-4, and the full balance is immediately due and payable.

**<u>ANSWER</u>:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 26, and therefore, denies same.**

27.     As of October 8, 2021, there remains a principal balance owed from Five-Star to PNCEF, pursuant to PNCEF Note xxxx831-4, of $51,614.66, together with accrued interest of $1,701.11, for a total, exclusive of contractually agreed upon costs and fees, of $53,315.77.

**<u>ANSWER</u>:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 27, and therefore, denies same.**

28.     Pursuant to the terms of PNCEF Note xxxx831-4, Five-Star agreed to reimburse PNCEF for its costs and fees incurred in its collection.

**<u>ANSWER</u>:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 28, and therefore, denies same.**

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

## COUNT V
## BREACH OF PNCEF LOAN xxxx831-6

29.    Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:    Defendant restates and realleges Paragraphs 1 through 28 as Paragraph 29.**

30.    Five-Star signed an Equipment Line of Credit Note dated February 5, 2020 in favor of PNCEF in the principal sum of $1,500,000.00 ("PNCEF Note xxxx831-6"). **Exhibit 5**.

**ANSWER:    Defendant admits the allegations contained in paragraph 30.**

31.    Five-Star is in default of its obligations to PNCEF, as a result of its failure to repay the sums owed to PNCEF as and when agreed under the terms of PNCEF Note xxxx831-6.

**ANSWER: Defendant only admits the PNCEF Note xxxx831-6 is not repaid in full.**

**Defendant denies the remaining allegations and legal conclusions contained in paragraph 31.**

32.    As a result of the foregoing, PNCEF has accelerated the maturity date of PNCEF Note xxxx831-6, and the full balance is immediately due and payable.

**ANSWER:    Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 32, and therefore, denies same.**

33.    As of October 8, 2021, there remains a principal balance owed from Five-Star to PNCEF, pursuant to PNCEF Note xxxx831-6, of $595,802.46, together with accrued interest of $15,103.61, for a total, exclusive of contractually agreed upon costs and fees, of $610,906.07.

**ANSWER:    Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 33, and therefore, denies same.**

34.     Pursuant to the terms of PNCEF Note xxxx831-6, Five-Star agreed to reimburse PNCEF for its costs and fees incurred in its collection.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 34, and therefore, denies same.**

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

### COUNT VI
### BREACH OF PNCEF LOAN xxxx831-7

35.     Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:     Defendant restates and realleges Paragraphs 1 through 34 as Paragraph 35.**

36.     Five-Star signed an Equipment Line of Credit Note dated February 5, 2020 in favor of PNCEF in the principal sum of $1,500,000.00 ("PNCEF Note xxxx831-7"). **Exhibit 6**.

**ANSWER:     Defendant admits the allegations contained in paragraph 36.**

37.     Five-Star is in default of its obligations to PNCEF, as a result of its failure to repay the sums owed to PNCEF as and when agreed under the terms of PNCEF Note xxxx831-7.

**ANSWER:     Defendant only admits the PNCEF Note xxxx831-7 is not repaid in full. Defendant denies the remaining allegations and legal conclusions contained in paragraph 37.**

38.     As a result of the foregoing, PNCEF has accelerated the maturity date of PNCEF Note xxxx831-7, and the full balance is immediately due and payable.

**ANSWER:** **Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 38, and therefore, denies same.**

39.　　As of October 8, 2021, there remained a principal balance owed from Five-Star to PNCEF, pursuant to PNCEF Note xxxx831-7, of $427,778.60, together with accrued interest of $11,877.24, for a total, exclusive of contractually agreed upon costs and fees, of $439,655.84.

**ANSWER:** **Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 39, and therefore, denies same.**

40.　　Pursuant to the terms of PNCEF Note xxxx831-7, Five-Star agreed to reimburse PNCEF for its costs and fees incurred in its collection.

**ANSWER:** **Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 40, and therefore, denies same.**

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

### COUNT VII
### BREACH OF PNCEF LOAN xxxxx9000

41.　　Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:** **Defendant restates and realleges Paragraphs 1 through 40 as Paragraph 41.**

42.　　Five-Star signed a Term Note in favor of PNCEF dated January 25, 2018 in the principal sum of $1,500,000.00 ("PNCEF Note xxxxx9000", and together with PNCEF Note xxxxx831-1, PNCEF Note xxxxx831-3, PNCEF Note xxxxx831-4, PNCEF Note xxxxx831-6 and PNCEF Note xxxxx831-7, the "PNCEF Notes"). **Exhibit 7**.

**ANSWER:** **Defendant admits the allegations contained in paragraph 42.**

43.     Five-Star is in default of its obligations to PNCEF, as a result of its failure to repay the sums owed to PNCEF as and when agreed under the terms of PNCEF Note xxxxx9000.

**ANSWER:** **Defendant only admits the PNCEF Note xxxxx9000 is not repaid in full.**

**Defendant denies the remaining allegations and legal conclusions contained in paragraph 43.**

44.     As a result of the foregoing, PNCEF has accelerated the maturity date of PNCEF Note xxxxx9000, and the full balance is immediately due and payable.

**ANSWER:** **Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 44, and therefore, denies same.**

45.     As of October 8, 2021, there remained a principal balance owed from Five-Star to PNCEF, pursuant to PNCEF Note xxxxx9000, of $562,475.18, together with accrued interest of $16,901.26, for a total, exclusive of contractually agreed upon costs and fees, of $579,376.44.

**ANSWER:** **Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 45, and therefore, denies same.**

46.     Pursuant to the terms of PNCEF Note xxxxx9000, Five-Star agreed to reimburse PNCEF for its costs and fees incurred in its collection.

**ANSWER:** **Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 46, and therefore, denies same.**

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and

grant Defendant such other relief as this Court deems just and proper.

## COUNT VIII

### REPLEVIN PURSUANT TO 735 ILCS § 5/19-101

47.    Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:    Defendant restates and realleges Paragraphs 1 through 46 as Paragraph 47.**

48.    As security for the repayment of all indebtedness of Five-Star to PNC Bank, Five-Star signed a Security Agreement (the "PNC Bank Security Agreement") in favor of PNC Bank, dated as of August 22, 2016, granting PNC Bank a lien upon all of its assets (the "Assets"). **Exhibit 8**.

**ANSWER:    Defendant only admits there is a document attached to the Complaint as Exhibit 8.  Defendant denies the remaining allegations and legal conclusions contained in paragraph 48.**

49.    In conjunction with the execution of PNCEF Note xxxx831-1, Five-Star and PNCEF executed a Master Loan & Security Agreement dated as of August 3, 2016, pursuant to which Five-Star granted PNCEF a lien upon the Assets. **Exhibit 9**.

**ANSWER:    Defendant only admits there is a document attached to the Complaint as Exhibit 9 titled Master Loan & Security Agreement dated August 3, 2016.  Defendant denies the remaining allegations and legal conclusions contained in paragraph 49.**

50.    In conjunction with the execution of PNCEF Note xxxx831-3, Five-Star and PNCEF executed a Master Loan & Security Agreement dated as of August 3, 2016, pursuant to which Five-Star granted PNCEF a lien upon the Assets. **Exhibit 10**.

**ANSWER:    Defendant only admits there is a document attached to the Complaint as Exhibit 10.  Defendant denies the remaining allegations and legal conclusions contained in paragraph 50.**

51.     In conjunction with the execution of PNCEF Note xxxx831-4, Five-Star and PNCEF executed a Master Loan & Security Agreement dated as of August 3, 2016, pursuant to which Five-Star granted PNCEF a lien upon the Assets. **Exhibit 11**.

**ANSWER:     Defendant only admits there is a document attached to the Complaint as Exhibit 11 titled Master Loan & Security Agreement dated August 3, 2016.  Defendant denies the remaining allegations and legal conclusions contained in paragraph 51.**

52.     In conjunction with the execution of PNCEF Note xxxx831-6, Five-Star and PNCEF executed a Master Loan & Security Agreement dated as of August 3, 2016, pursuant to which Five-Star granted PNCEF a lien upon the Assets. **Exhibit 12**.

**ANSWER:     Defendant only admits there is a document attached to the Complaint as Exhibit 12 titled Master Loan & Security Agreement dated August 3, 2016.  Defendant denies the remaining allegations and legal conclusions contained in paragraph 52.**

53.     In conjunction with the execution of PNCEF Note xxxx831-7, Five-Star and PNCEF executed a Master Loan & Security Agreement dated as of August 3, 2016, pursuant to which Five-Star granted PNCEF a lien upon the Assets. **Exhibit 13**.

**ANSWER:     Defendant only admits there is a document attached to the Complaint as Exhibit 13 titled Master Loan & Security Agreement dated August 3, 2016.  Defendant denies the remaining allegations and legal conclusions contained in paragraph 53.**

54.     In conjunction with the execution of PNCEF Note xxxxx9000, Five-Star and PNCEF executed a Master Loan & Security Agreement dated as of August 3, 2016, pursuant to which Five-Star granted PNCEF a lien upon the Assets (collectively, the Master Loan & Security Agreements described in Paragraphs 49-54 are referred to as the "PNCEF Security Agreements": together, the PNCEF Security Agreements and the PNC Bank Security Agreement are referred to as the "Security Agreements": together with the PNC Bank Note, the PNCEF Notes, and other documents executed in conjunction with the extensions of credit, the "Loan Documents"). **Exhibit 14**.

**ANSWER:     Defendant only admits there is a document attached to the Complaint as Exhibit 14 titled Master Loan & Security Agreement dated August 3, 2016.  Defendant**

denies the remaining allegations and legal conclusions contained in paragraph 54.

55.     The liens of Plaintiffs and PNCEF upon the Assets were properly perfected, as evidenced by the filing of financing statements with the Illinois Secretary of State. **Exhibit 15**.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 55, and therefore, denies same.**

56.     As set forth above, Five-Star is in default of its obligations to Plaintiffs under the terms of the PNC Bank Note and the PNCEF Notes.

**ANSWER:     Defendant denies the allegations and legal conclusions contained in paragraph 56.**

57.     Pursuant to the terms of the Security Agreements and the Illinois Uniform Commercial Code, Plaintiffs are entitled to possession of the Assets upon the default of Five-Star.

**ANSWER:     Defendant denies the allegations and legal conclusions contained in paragraph 57.**

58.     The Assets consist of independent pieces of property. Due to the lack of information furnished, Plaintiffs are unable to estimate the fair market value of the Assets, but believes that it is less than the balances owed to PNC Bank and PNCEF, respectively.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 58, and therefore, denies same.**

59.     Pursuant to the terms of the Security Agreements, PNC Bank and PNCEF are each entitled to recover all costs, expenses and reasonable attorneys' fees from Five-Star which were incurred in locating and obtaining possession of the Assets.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations and legal conclusions contained in paragraph 59, and therefore, denies same.**

60.     Plaintiff demanded that Defendant turn over the Assets, but Defendant failed to do so.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 60, and therefore, denies same.**

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

## COUNT IX
## APPOINTMENT OF RECEIVER

61.     Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:     Defendant restates and realleges Paragraphs 1 through 60 as Paragraph 61.**

62.     The Assets consist of audio-visual equipment at various locations throughout the United States, as well as Five-Star's accounts receivable.

**ANSWER:     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 62, and therefore, denies same.**

63.     Five-Star has been unwilling to furnish Plaintiffs with details pertaining to the Assets, contrary to its obligations under the terms of the Loan Documents.

**ANSWER:     Defendant denies the allegations and legal conclusions contained in paragraph 63.**

64.     Based upon the foregoing facts and circumstances, the appointment of a receiver for the Assets is appropriate, and authorized by law.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in paragraph 64.

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

## COUNT X
## DETINUE

65.     Plaintiffs incorporate the preceding Paragraphs by reference, with the same force and effect as if fully repeated.

**ANSWER:**     Defendant restates and realleges Paragraphs 1 through 64 as Paragraph 65.

66.     The Assets are in Five-Star's possession and control.

**ANSWER:**     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 66, and therefore, denies same.

WHEREFORE, Defendant Five-Star Audiovisual, Inc. denies that Plaintiff is entitled to a judgment and respectfully requests that this Court enter an Order dismissing this Count with prejudice, and that Plaintiff be required to pay all costs and attorneys' fees to this Defendant and grant Defendant such other relief as this Court deems just and proper.

Respectfully submitted,

John A. Lipinsky (ARDC #620678)                Five-Star AudioVisual, Inc.
Clingen, Callow & McLean, LLC
2300 Cabot Drive, Suite 500                    By:*/s/ John A. Lipinsky*
Lisle, Illinois 60532                             One of its Attorneys
(630) 588-2094
lipinsky@ccmlawyer.com

## <u>CERTIFICATE OF SERVICE</u>

I, an attorney, hereby certify on oath that on December 3, 2021, I caused the ***Certificate of Service*** and ***Answer*** to be served on all counsel of record via the CM/ECF electronic filing system to the parties listed below at or before 5:00 p.m. from Lisle, Illinois.

By: <u>/s/John A. Lipinsky</u>
     John A. Lipinsky

## <u>SERVICE LIST</u>

To:    Matthew L. Hendricksen
       Plunkett Cooney P.C.
       221 N. LaSalle Street, Suite 3500
       Chicago, IL 60601
       mhendricksen@plunketcooney.com